UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED, INC.,
ET AL.,

       Plaintiffs,

v.                       Case No. 8:11-cv-1960-T-33TBM

SHIV SHRADDHA, LLC,

       Defendant.

_____/

## ORDER

This cause comes before the Court pursuant to Plaintiffs'
Application for Attorney Fees, Costs and Litigation Expenses
(Doc. # 20), filed on May 10, 2012. Defendant filed an
objection to Plaintiffs' motion on May 23, 2012 (Doc. # 23),
to which Plaintiffs filed a reply with leave of the Court on
June 11, 2012 (Doc. # 29). The Court heard oral arguments on
the motion on June 20, 2012. (Doc. # 30). For the reasons
that follow, the Court denies Plaintiffs' motion for
attorneys' fees and costs.

## I.  Background

Plaintiffs Access for the Disabled, Inc. and Patricia
Kennedy filed this action on August 29, 2011, seeking a
declaratory judgment and injunctive relief against Defendant,
Shiv Shraddha, LLC, which owns and operates a Comfort Inn in

Sarasota, Florida, for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (Doc. # 1).

Pursuant to the Court's ADA Scheduling Order, Plaintiffs filed their answers to the Court's interrogatories on November 22, 2011 (Doc. # 7), and the parties attended a status conference before this Court on February 9, 2012 (Doc. # 16). At the status conference, the Court directed the parties to attend mediation, which the parties did on April 16, 2012. (Doc. # 15). At mediation, the parties reached a settlement whereby Defendant agreed to make certain requested modifications to the property. Although the parties reached a settlement as to the non-monetary issues, they did not resolve the issue of attorneys' fees and costs.

The parties filed a joint stipulation to dismiss the case with prejudice on April 18, 2012. (Doc. # 17). In the stipulation, the parties requested the Court to retain jurisdiction to enforce the settlement agreement and to determine the entitlement and amount, if any, of Plaintiffs' attorneys' fees, costs, and litigation expenses. Id. On April 20, 2012, the Court entered an Order which stated as follows:

ENDORSED ORDER dismissing case with prejudice

pursuant to the parties' Stipulation for Dismissal of Case with Prejudice. The Court declines to retain jurisdiction to enforce the terms of the settlement agreement. Plaintiffs may file a motion for attorneys' fees and costs within 21 days of the date of this Order. The Clerk is directed to terminate any previously scheduled deadlines and pending motions, and administratively close the case pending further Order.

(Doc. # 19).

Plaintiffs filed their motion on May 10, 2012, seeking an award of $36,180.00 in attorneys' fees and costs. (Doc. # 20). Upon review of the motion, the Court realized that the time sheet Plaintiffs filed for former counsel Barbra Joyner was from an unrelated case. On May 18, 2012, the Court ordered Plaintiffs to file the correct time sheet for Attorney Joyner, which Plaintiffs did the following day. (Doc. ## 21, 22). Based on the Court's calculation, the corrected time sheet brings the total amount sought to $34,131.50. Defendant filed an objection to Plaintiffs' motion on May 23, 2012 (Doc. # 23), to which Plaintiffs filed a reply on June 11, 2012 (Doc. # 29). The Court held oral arguments on the motion on June 20, 2012. (Doc. # 30).

## II. <u>Analysis</u>

The ADA provides that "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party . .

. a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.

Defendant argues that Plaintiffs are not entitled to recover attorneys' fees because they are not the "prevailing party" in this case. In <u>Buckhannon Board & Care Home v. West Virginia Department of Health & Human Resources</u>, 532 U.S. 598 (2001), the U.S. Supreme Court held that under Section 12205, a "prevailing party" must have obtained a "court-ordered change in the legal relationship between the plaintiff and the defendant." <u>Id.</u> at 604. The Supreme Court explained that a judgment on the merits or a consent decree create this necessary "material alteration of the legal relationship of the parties" but noted that "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees" for the purposes of qualifying as a "prevailing party." <u>Id.</u> at 604, 604 n.7.

It is undisputed that Plaintiffs have not obtained a judgment on the merits or a consent decree in this case. However, the Eleventh Circuit has ruled that, in the absence of a formal consent decree, a district court may still award attorneys' fees to a "prevailing party" where it has accomplished the "functional equivalent" of the entry of a consent decree either: (1) by incorporating the terms of the

-4-

settlement into the final order of dismissal or (2) by explicitly retaining jurisdiction to enforce the terms of the settlement. Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1320 (11th Cir. 2002). The district court thus "clearly establishes 'judicially sanctioned change in the legal relationship of the parties,' as required by Buckhannon, because the plaintiff thereafter may return to court to have the settlement enforced." Id.

In this case, the parties submitted a joint stipulation of dismissal to the Court which requested the Court to dismiss the case with prejudice pursuant to the parties' settlement agreement and requested the Court to retain jurisdiction to enforce the settlement agreement. (Doc. # 17). The stipulation, however, did not request the Court to incorporate the terms of the settlement agreement into the final order of dismissal. Pursuant to the joint stipulation, the Court entered an Order dismissing the case with prejudice. (Doc. # 19). However, consistent with the Court's general policy against retaining jurisdiction to enforce private settlement agreements, the Order expressly stated that "[t]he Court declines to retain jurisdiction to enforce the terms of the settlement agreement." Id.

Thus, unlike in Chmielarz, the Court's Order of dismissal

did not specifically approve, adopt, or ratify the parties' settlement agreement, nor did it incorporate the terms of the settlement into the Order. Additionally, the Court expressly declined to retain jurisdiction to enforce the settlement agreement. Based on this, the Court finds that Plaintiffs have failed to establish the "functional equivalent" of the entry of a consent decree under either prong prescribed by Chmielarz.

Accordingly, at the June 20, 2012, hearing on Plaintiffs' motion, the Court called upon Plaintiffs' counsel to provide a basis for the Court to award attorneys' fees under the ADA where, as here, the Buckhannon and Chmielarz requirements have not been satisfied. Plaintiffs' counsel was unable to provide any authority for their position and instead suggested that the issue was one of first impression.

To the contrary, the Court found through its own analysis at least one case that is squarely on point, and surprisingly, involves the same Plaintiffs as the instant case. In Access for the Disabled, Inc. v. STF Investments, LLC, No. 6:06-cv-857, 2007 WL 2010831 (M.D. Fla. July 6, 2007), the parties also settled the case as to non-monetary issues only and asked the district court to retain jurisdiction to decide the attorneys' fee issue. Id. at *3. The court did retain

jurisdiction to address the issue of attorneys' fees and costs. However, the district court did not retain jurisdiction to enforce the terms of the settlement agreement; did not incorporate by reference any terms of the settlement agreement into its order of dismissal; and did not enter any order that was functionally equivalent to a consent decree. Id. Based on this, the court determined that it "never judicially altered the legal relationship of the parties within the meaning of Buckhannon [and] Chmielarz . . and Plaintiffs have not demonstrated that they are prevailing parties entitled to fees pursuant to § 12205." Id. Thus, the court denied the plaintiffs' motion for attorneys' fees. As STF is on all fours with the instant facts, the Court finds that the same result is called for in this case.

Although unable to provide relevant authority at the hearing, Plaintiffs' counsel argued that Plaintiffs were the "prevailing party" because the Defendant agreed to make the changes to its property that Plaintiffs requested. To hold otherwise, Plaintiffs argued, would impede the ability of future plaintiffs to bring such ADA lawsuits and would frustrate Congress's purpose in authorizing the recovery of attorneys' fees under Section 12205 of the ADA.

In Buckhannon, however, the Supreme Court expressly

rejected this "catalyst theory," which had previously allowed a plaintiff "prevailing party" status if the lawsuit brought about the desired result by instigating voluntary change in the defendant's conduct. 532 U.S. at 605. The Supreme Court explained that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." Id. Thus, the Supreme Court ruled that Congress did not intend for the ADA's fee award provision to be so encompassing, stating that "We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief." Id. at 606 (quoting Ginsburg, J., dissenting, at 634).

The Buckhannon concurrence examined in greater detail the dissent's (and Plaintiffs') contention that the rejection of the catalyst theory as a basis for awarding fees "will impede access to court for the less well-heeled," explaining that:

> But, of course, the catalyst theory also harms the "less well-heeled," putting pressure on them to avoid the risk of massive fees by abandoning a solidly defensible case early in litigation. Since the fee-shifting statutes at issue here allow

> defendants as well as plaintiffs to receive a fee
> award, we know that Congress did not intend to
> maximize the quantity of "the enforcement of
> federal law by private attorneys general." Rather,
> Congress desired an *appropriate* level of
> enforcement - which is more likely to be produced
> by limiting fee awards to plaintiffs who prevail
> "on the merits" or at least to those who achieve an
> enforceable "alteration of the legal relationship
> of the parties," than by permitting the open-ended
> inquiry approved by the dissent.

Id. at 620 (Scalia, J., concurring)(quoting Ginsburg, J.,

dissenting, at 623)(emphasis in original). Accordingly, based

on the reasoning articulated in Buckhannon, the Court is

satisfied that a decision not to award attorneys' fees in this

case, where the catalyst theory would be Plaintiffs' only

basis for such award, will not frustrate Congress's purpose in

enacting the ADA nor unduly disincentivize future plaintiffs

from bringing similar lawsuits.

Finally, Plaintiffs argue that denying their motion for

attorneys' fees in this case will discourage parties from

settling future ADA cases by requiring plaintiffs to litigate

a case through judgment in order to ensure an award of

attorneys' fees. The Court is not convinced that such a dire

result is likely to occur. As explained above, a judgment on

the merits is not the only mechanism by which a party may

recover fees under the ADA's fee-shifting statute; Plaintiffs

could have sought a formal consent decree, requested an order

of dismissal incorporating the terms of the settlement, or resolved the attorneys' fee issue prior to moving for dismissal of the case. Future plaintiffs, of course, also remain able to negotiate attorneys' fees as part of any settlement agreement. Accordingly, the Court does not believe, and certainly does not intend, that declining to award fees in this case will discourage settlement of future cases.

In sum, Plaintiffs obtained no relief on the merits of their claims, nor did the Court incorporate into its order of dismissal, or explicitly retain jurisdiction to enforce, a court-approved consent decree or private settlement agreement. Because the Supreme Court invalidated the "catalyst theory" in <u>Buckhannon</u>, Plaintiffs cannot obtain attorneys' fees merely by demonstrating that Defendant agreed to implement certain property modifications Plaintiffs requested. Thus, Plaintiffs have not obtained a "court-ordered change in the legal relationship" between the parties necessary to be considered a "prevailing party" in this litigation and, accordingly, are not entitled to recover attorneys' fees. Plaintiffs' Application for Attorney Fees, Costs and Litigation Expenses is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED** and **DECREED:**

(1)  Plaintiffs' Application for Attorney Fees, Costs and Litigation Expenses (Doc. # 20) is **DENIED.**

(2)  The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on the 11th day of July, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record